UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON C. CALLICOTTE, *et al*, (SPN 01401470) *Plaintiffs*, | § § § § | CIVIL ACTION NO. 4:20-cv-1369 |
| vs. | § § § § | JUDGE CHARLES ESKRIDGE |
| ED GONZALEZ, *et al*, *Defendants.* | § § § | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR TEMPORARY RESTRAINING ORDER,
DECLARATION AND PRELIMINARY INJUNCTION[1]**

I.    JURISDICTION AND VENUE

1. This is a civil action brought pursuant to 42 USC 1983 to redress the deprivation, under color of state law, of rights secured by The Constitution of The United States. Plaintiffs bring this suit on their own behalf and on behalf of a class consisting of all inmates/detainees in the Harris County Jail who are vulnerable to the COVID-19 illness because of underlying conditions and who defendants are treating with deliberate indifference in regard to their serious medical need of proper prevention measures to minimize the risk of contracting COVID-19. The class is so numerous that joinder of all members is impractical, and there are questions of law and fact common to the class. The court has jurisdiction under 28 USC 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 USC 2201 and 2202. Plaintiffs' claims for injunctive relief are authorized by 28 USC Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Southern District of Texas, Houston Division is an appropriate venue under 28 USC Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

---

[1]   Other than this footnote and a link on page 3, the entirety of this document is a verbatim typed transcription of Plaintiffs' original complaint at Document 1 (with their original verification and evidence attached).

3. The parties defendant have acted on grounds generally applicable to the class as a whole so that the class may be certified pursuant to rule 23 (b) (2) of the Federal Rules of Civil Procedure.

## II.     PLAINTIFFS

4. Plaintiff, Jason Callicotte, is now and was at all relevant times a detainee of the Harris County Jail in Houston, Texas.

5. Plaintiff, Bryant Davis, is now and was at all relevant times a detainee of the Harris County Jail in Houston, Texas.

6. Plaintiff, Christian Mejia, is now and was at all relevant times a detainee of the Harris County Jail in Houston, Texas.

7. Plaintiff, Ronnie Williams, is now and was at all relevant times a detainee of the Harris County Jail in Houston, Texas.

8. Plaintiff, Ashton Wilson, is now and was at all relevant times a detainee of the Harris County Jail in Houston, Texas.

## III.     DEFENDANTS

9. Defendant Ed Gonzales is the Sheriff of Harris County, Texas. He is legally responsible for the overall operation of Harris County Sheriff's Office.

10. Defendant, Darryl Coleman, is the Chief Deputy of Harris County and the jail administrator of Harris County Jail. He is responsible for the operation of Harris County jail and the welfare of all detainees in that jail.

11. At all times mentioned in this complaint each defendant acted under the color of state law.

## IV.     FACTS

12. On March 11, 2020 the World Health Organization officially classified COVID-19 as a global pandemic. The Center for Disease Control (CDC) identified certain categories of individuals at a higher risk of severe illness, including older adults (65 or older) and people of any age who have underlying medical conditions as a higher risk for severe illness from COVID-19.

> *See* CDC, People Who Are At Higher Risk For Severe Illness at https://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html, Conditions of pretrial confinement create an ideal environment for the transmission of a contagious disease. *See* Clinical Infectious Diseases (2007) Joseph A. Bick 45(8): 1047-1055 at https://doi.org/10.1086/521910

> *United States v. Stephens*, 2020 US Dist. Lexis 47846

> *United States v. Kennedy*, 2020 US Dist. Lexis 53359

> *United States v. Barkman*, 2020 US Dist. Lexis 53632

> *United States v. Roman*, 2020 US Dist. Lexis 53956

Inmates cycle in and out of detention facilities from all over the world and county, and people who work in the facilities, including correctional officers and care providers leave and return daily, without screening. Incarcerated people have poorer health than the general population, and even at the best of times medical care is limited. Many people who are incarcerated also have chronic conditions such as diabetes, high blood pressure, hepatitis or HIV, which makes them vulnerable to severe forms of COVID-19.

> *See United States v. Barkman*, 2020 US Dist. Lexis 45628

On March 29, 2020 the Houston Chronicle reported that six employees of Harris County Jail have tested positive for the COVID-19 (to date the number has increased). Also on March 29, 2020 Fox 26 News reported that an inmate had tested positive for COVID-19 in Harris Co. Jail (to date that number has increased exponentially as well). According to public health experts "incarcerated individuals are at special risks of infections given their living situations" and "may also be less able to participate in proactive measures to keep themselves safe because infection, control is challenging in these situations."

> *See* Achieving Fair and Effective COVID-19 Response at [https://www.amnestyusa.org/our-work/government-relations/advocacy/achieving-a-fair-and-effective-covid-19-response-an-open-letter-to-vice-president-mike-pence-and-other-federal-state-and-local-leaders-from-public-health-and-legal-experts-in-the-united-states/]

On March 23, 2020 CDC acknowledge that correctional and detention facilities "present unique challenges" for control of COVID-19 transmission among incarcerated individuals.

> *See* <u>Interim Guidance on Management of Coronavirus 2019 in Correctional and Detention Facilities</u> at:
>
> https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf

13. Plaintive, Jason Callicotte, is at a high risk of contracting COVID-19 due to a lowered immune system as a result of having Hepatitis C, high blood pressure, and seizure. Harris Health System and Harris County sheriff's office have documented his conditions for over a decade.

    Plaintiff, Bryan Davis, is vulnerable to COVID-19 due to heart disease, hypertension, and seizures. All of these conditions are documented by Harris Health System and Harris County Sheriff's Office.

    Plaintiff, Christian Mejia, is vulnerable to COVID-19 due to severe psoriasis, and complications from a previously punctured lung and six fractured ribs. This is documented by Harris Health System and Harris County Sheriff's office.

    Plaintiff, Ashton Wilson, is vulnerable to COVID-19 due to diabetes, hypertension, and kidney and liver failure. These conditions are documented by Harris Health System and Harris County Sheriff's Office.

## V.   EXHAUSTION OF LEGAL REMEDIES

14. Plaintiff, Jason Callicote, used the grievance procedure available at Harris County Jail to try and solve the problem. On March 23, 2020 plaintiff, Jason Callicote, presented the facts relating to this complaint. On 4/7/2020 plaintiff was given a response saying the grievance was unfounded. On 4/7/2020 he filed an appeal to the grievance, and nothing is being done and his life is in danger.

## VI.   LEGAL CLAIMS

15. Plaintiffs reallege and incorporate by reference paragraphs 1-14.

16. The deliberate indifference, to a serious medical need, by jail administration (defendants Ed Gonzales and Darryl Coleman) by failing to protect plaintiffs from a known threat (coronavirus) to their health which puts them at risk of death constitutes a due process violation under the Fourteenth Amendment to The United States Constitution.

17. The plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiffs have been and will continue to be irreparably injured by the conduct unless this court grants a temporary restraining order, and declaratory and injunctive relief which plaintiffs seek.

## VII.   PREVIOUS LAWSUITS

18. Plaintiff, Jason Callicote, has one strike under PLRA guidelines regarding lawsuits by incarcerated individuals.

19. Plaintiffs Davis, Mejia, Williams, and Wilson have never filed any pro se actions.

## VIII.   PRAYER FOR RELIEF

Wherefore, plaintiffs respectfully pray that this court enter a judgment granting plaintiffs:

20. A temporary restraining order providing that:

    a. Defendants are restrained from detaining plaintiffs in any facility or under any conditions which do not allow social distancing practice of maintaining six feet between them and other people.

    b. That jail administration create a list of all individuals who are detained at Harris County Jail and meet any of the criteria contained in section c. below.

    c. All of the individuals who meet any of the following criteria:

        - Are 60 years of age or older; or,
        - Have chronic respiratory disease; or,
        - Have a compromised immune system as from cancer, HIV, hepatitis; or,
        - Have heart disease; or,
        - Have diabetes; or,
        - Have epilepsy or another seizure disorder; or,
        - Have hypertension; or,
        - Have sickle cell; or,
        - Have been pregnant in last two weeks or are pregnant

    d. Administration provide effective communication to all people incarcerated at Harris County Jail information about COVID-19 measures taken to reduce the risk of transmission and any changes in policies or practices to reasonably

      ensure that individuals are able to take precautions to prevent infection, provide adequate spacing of 6 feet or more between people incarcerated at Harris County Jail so that social distancing can be accomplished and if it cannot be accomplished released the individuals on the list created by paragraphs b. and c. above.

    e. Provide reasonable access to showers and clean laundry

    f. Ensure that each incarcerated person receive free of charge

- Hand sanitizer of 60% alcohol base or greater; and,
- Hand drying machines or paper towels as recommended by CDC, and individual towels sufficient for daily use and adequate supplies of disinfectant product for daily cleaning; and,
- Adequate supply of toilet paper sufficient for daily use

    g. Require that all staff wear personal protective equipment, including masks and gloves when physically interacting with any person and require that, absent any extraordinary or unusual circumstances a new pair of gloves is worn each time staff touch a different person; and, require all inmate workers who are cleaning facilities, or preparing food to follow the same protocol

    h. Continue to waive all medical co-pays during this health crisis.

21. A declaration that the acts or omissions of the defendants described herein violated the rights of the plaintiffs under the Constitution of the United States of America.

22. A preliminary and permanent injunction ordering defendants to stop acting with deliberate indifference to plaintiffs serious medical need and to implement adequate prevention measures in regard to COVID-19.

23. Any additional relief this court deems just.

Respectfully submitted,

By /s/ William Pieratt Demond
William Pieratt Demond
Attorney-in-Charge
Texas Bar No. 24058931
So. Dist. Texas No. 1108750
Email: william@demondlaw.com

DEMOND LAW, PLLC
1520 Rutland Street
Houston, Texas 77008
Tel: 713.701.5240
Fax: 713.588.8407

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon Defendants' counsel via email.

/s/ William Pieratt Demond
William Pieratt Demond

7

## VERIFICATION

THE UNDERSIGNED persons, being presently incarcerated at the Harris County Jail in Houston TEXAS HAVE READ THE FOREGOING "Complaint FOR Temporary Restraining ORDER, DECLARATION, AND Preliminary Injunction" and hereby declare under penalty of perjury that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

EXECUTED AT HOUSTON, TEXAS ON 4/8/2020

1. Jason Callicotte — /s/ Jason Callicotte — 01401470
2. BRYANT K. DAVIS — /s/ Bryant K. Davis — #00710296
3. Christian Ali Mejia — /s/ — 02173567
4. Ronnie Williams — /s/ Ronnie Williams — 02205394
5. Ashton Wilson — /s/ Ashton Wilson — 02309895

ES0085-01-07

(verification)

# GRIEVANCE RECEIPT
## INMATE GRIEVANCE BOARD
### 1200

To: **JASON C    CALLICOTT**     Grievance Received    3/25/2020
SPN# 1401470

From: Inmate Grievance Board

Ref: GRIEVANCE # 32172
PRISONER LOGISTICS DIVISION

*Life Threatening emergency*

The Inmate Grievance Board has received a grievance from Inmate
JASON C    CALLICOTT

Upon completion of your investigation, check the appropriate finding and provide the Inmate with this Grievance Receipt.

I have investigated this grievance and determined it to be:

**X** Unfounded         ___Founded/Resolved         ___Founded/Unresolved

___ATW/TDC              ___OIG/IAD or Bureau Investigation

# Grievance Receipt
# Inmate Copy

Grievances with an Unfounded or Founded/Resolved determination may be appealed to the Grievance Board. Appeals must be in writing and submitted within (5) five working days of the investigating supervisor's decision (excluding holidays).

Grievance Receipt was Delivered to Inmate   CALLICOTT       on Date: 4/7/2020

Supervisor's printed name: _Karen Wallace_
Supervisor's Signature: _K. Wallace_        Date: 04/7/2020

Appeal Filed 4/7/20 (J.C)